Original

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

DERRICK RIFFAS AND LISA THOMPSON,

                          Plaintiff,

    -against-

CITY OF NEW YORK, DEPARTMENT OF
CORRECTIONS, CORRECTION OFFICER JOHN
CAREY, IN HIS OFFICIAL CAPACITY AND
INDIVIDUALLY, CORRECTION OFFICERS JOHN
DOES 1-10, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY, THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
OFFICERS JOHN DOES #1-10 INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY

                          Defendants.
------------------------------------------------------------------- X

**COMPLAINT**

06 CV ____

GARAUFIS, J.

**JURY TRIAL DEMANDED**

RECEIVED
AUG 9 2006
PRO SE OFFICE

Pro se plaintiffs, DERRICK RIFFAS AND LISA THOMPSON complaining of defendants respectfully allege as follows:

    1. Plaintiffs brings this action for compensatory and punitive damages pursuant to 42 U.S.C § 1983 and 42 U.S.C. § 1988 for violations of their civil rights as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law tort claims.

    2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b) in that this is the district in which the claims arose.

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

6. Plaintiff DERRICK RIFFAS is an African-American male, who was a minor at the time that these claims arose, a citizen of the United States and at all relevant times a resident of the City of New York in the State of New York.

7. Plaintiff LISA THOMPSON is an African-American female, who at the time that these claims arose was plaintiff DERRICK RIFFAS' mother, natural parent and guardian, a citizen of the United States and at all relevant times a resident of the City of New York in the State of New York.

8. The defendants in this action are the CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, CORRECTION OFFICER JOHN CAREY, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, CORRECTION OFFICERS JOHN DOES 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICERS JOHN DOES #1-10 INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY.

9. At all times hereinafter mentioned, the individually named defendants CORRECTION OFFICER JOHN CAREY, CORRECTION OFFICERS JOHN DOES 1-10, NEW YORK CITY POLICE OFFICERS JOHN DOES #1-10 INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, were duly sworn employees of the City of

New York, acting under the supervision of the City of New York and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the rules, regulations, laws, statutes, customs and/or practices of the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment defendant CITY OF NEW YORK.

13. A notice of claim was filed in the action on or about October 21, 2003 and all of the allegations and causes of action contained in the Notice of Claim are incorporated by reference herein.

14. Plaintiff LISA THOMPSON was subjected to harassment by defendant CORRECTIONAL OFFICER JOHN CAREY, at the place of his employment, Crossroad Juvenile Detention Center in Brooklyn, New York, a New York City Department of Correction facility. In response to such harassment, plaintiff LISA THOMPSON filed a complaint against defendant JOHN CAREY with the defendant NEW YORK CITY DEPARTMENT OF CORRECTION.

15. In retaliation for the complaint filed by plaintiff LISA THOMPSON defendant JOHN CAREY engaged in a pattern of physically abusive and harassing

behavior towards plaintiff DERRICK RIFFAS, who was in the custody defendant NEW YORK CITY DEPARTMENT OF CORRECTION.

16. The aforementioned abusive behavior by defendant JOHN CAREY towards plaintiff DERRICK RIFFAS at the Crossroad Juvenile Detention Center and was conducted while defendant JOHN CAREY was on duty in the employ of defendant CITY OF NEW YORK and while plaintiff DERRICK RIFFAS was in the custody of defendant NEW YORK CITY DEPARTMENT OF CORRECTION. The aforementioned abusive behavior by defendant JOHN CAREY was continuous in nature and a pattern of conduct and upon information and belief was in retaliation for the complaint filed against him by plaintiff LISA THOMPSON. The aforementioned abusive behavior by defendant JOHN CAREY towards plaintiff DERRICK RIFFAS was conducted with the knowledge, permission, acquiescence and/or upon orders of defendant CITY OF NEW YORK pursuant to a custom, policy or practice of the CITY OF NEW YORK, despite defendants knowledge that they lacked justification or probable cause to do so.

17. The aforementioned abusive behavior by defendant JOHN CAREY towards plaintiff DERRICK RIFFAS caused plaintiff DERRICK RIFFAS to suffer physical, emotional, mental and psychological injuries and damage and caused plaintiff LISA THOMPSON, to suffer physical, emotional, mental and psychological injuries and damage in violation of their rights under the Constitutions of the State of New York and the United States..

18. DEFENDANTS CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS AND CORRECTION OFFICERS JOHN DOES

1-10 failed to intervene to stop the aforementioned abusive pattern of conduct and behavior despite having notice.

19. On or about August 11, 2003 at approximately 10:50 p.m. plaintiff DERRICK RIFFAS was lawfully at the B12 bus stop located on East New York Avenue between Thomas Boyland Street and Amboy Street in Brooklyn, New York.

20. At that time defendant JOHN CAREY, a defendant NEW YORK CITY DEPARTMENT OF CORRECTION Officer, while on-duty and acting in furtherance of his employment, detained plaintiff DERRICK RIFFAS and menaced and brutally struck plaintiff DERRICK RIFFAS in the neck, body and hands, without justification or probable cause, causing plaintiff DERRICK RIFFAS physical, mental and psychological injury.

21. Defendant JOHN CAREY handcuffed plaintiff DERRICK RIFFAS and transported him to the 73rd Police Precinct in Brooklyn, New York where defendant JOHN CAREY, with malicious intent, filed a false police report against plaintiff DERRICK RIFFAS without probable cause or justification to do so.

22. Plaintiff DERRICK RIFFAS, who was a minor at the time, was then incarcerated for approximately 24 hours in the custody of defendant NEW YORK CITY POLICE DEPARTMENT by defendant JOHN CAREY with the assistance, acquiescence, and/or consent of defendants JOHN DOE POLICE OFFICERS #1-10, the CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT and the NEW YORK CITY DEPARTMENT OF CORRECTIONS. Plaintiff DERRICK RIFFAS was also submitted to an unlawful search while at the precinct.

23. While at the precinct plaintiff DERRICK RIFFAS was subjected to unconstitutional conditions of confinement. Plaintiff DERRICK RIFFAS was denied medical treatment.

24. Subsequently, plaintiff DERRICK RIFFAS was maliciously prosecuted by defendants and plaintiffs DERRICK RIFFAS and LISA THOMPSON were forced to appear in court on approximately eight (8) occasions to defend plaintiff DERRICK RIFFAS until the case was dismissed. Upon information and belief, the trial judge discovered that defendant JOHN CAREY had misrepresented himself as a New York City Police Officer and as such detained and incarcerated plaintiff DERRICK RIFFAS without justification or probable cause and dismissed the case. Defendants initiated and continued a criminal action and misrepresented and falsified evidence against DERRICK RIFFAS.

25. As a result of the aforementioned conduct on the part of defendants, EXCESSIVE FORCE was employed against plaintiff DERRICK RIFFAS, plaintiff DERRICK RIFFAS was subjected to ASSAULT AND BATTERY, plaintiff DERRICK RIFFAS was FALSELY IMPRISONED, FALSELY ARRESTED, subjected to UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT and MALICIOUSLY PROSECUTED by defendants.

26. At all times herein, the defendants acted with malice and intent and plaintiff DERRICK RIFFAS was conscious of and did not consent to the unconstitutional acts and torts committed against him by defendants and such unconstitutional acts and torts were committed by defendants without any justification or probable cause to do so. Furthermore, such unconstitutional acts and torts were committed by defendants with the

consent and/or acquiescence of defendant CITY OF NEW YORK and pursuant to a custom or policy of defendant CITY OF NEW YORK.

27. Furthermore, defendants JOHN DOE POLICE OFFICERS #1-10, JOHN DOE CORRECTION OFFICERS #1-10, the CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT and the NEW YORK CITY DEPARTMENT OF CORRECTIONS failed to intervene at any point during the aforementioned circumstances despite having an affirmative duty and opportunity to do so and were negligent. Defendants CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT and the NEW YORK CITY DEPARTMENT OF CORRECTIONS negligently hired and trained, and failed to supervise defendants JOHN CAREY, JOHN DOE CORRECTION OFFICERS #1-10 and JOHN DOE POLICE OFFICERS #1-10. Through their commission of the aforementioned unconstitutional acts and torts defendants NEGLIGENTLY and INTENTIONALLY INFLICTED EMOTIONAL DISTRESS on plaintiffs DERRICK RIFFAS and LISA THOMPSON. Through their commission of the aforementioned unconstitutional acts and torts defendants were GROSSLY NEGLIGENT and acted with reckless disregard of the rights of plaintiffs.

28. Upon information and belief, subsequently, defendant JOHN CAREY pled guilty to the charges brought by the Internal Affairs Bureau of having plaintiff DERRICK RIFFAS falsely arrested and harassing plaintiff LISA THOMPSON.

29. As a result of the aforementioned conduct by defendants, plaintiff DERRICK RIFFAS was subjected to an illegal, improper and false arrest by defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause.

30. As a result of the foregoing, plaintiff DERRICK RIFFAS', liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, subjected to handcuffing and other physical injuries.

31. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff DERRICK RIFFAS' constitutional rights.

32. Defendants search plaintiff DERRICK RIFFAS in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

33. As a result of the foregoing plaintiff DERRICK RIFFAS was subjected to an illegal search.

34. Defendants misrepresented and falsified evidence before the District Attorney

35. Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against plaintiff DERRICK RIFFAS

36. Defendants lacked probable cause to initiate and continue criminal proceedings against plaintiff DERRICK RIFFAS.

37. Defendants acted with malice in initiating and continuing the criminal proceedings against plaintiff DERRICK RIFFAS.

38. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in favor of plaintiff DERRICK RIFFAS.

39. Each and every individual defendant had an affirmative duty to intervene on plaintiffs DERRICK RIFFAS and LISA THOMPSON's behalf to prevent the violation of their constitutional rights.

40. The individual defendants failed to intervene on plaintiffs' DERRICK RIFFAS and LISA THOMPSON's behalf to prevent the violation of their constitutional rights despite having had a realistic opportunity to do so.

41. As a result of the aforementioned conduct plaintiffs DERRICK RIFFAS and LISA THOMPSON's constitutional rights were violated and DERRICK RIFFAS was subjected to excessive force and sustained injuries.

42. As a result of the foregoing plaintiff DERRICK RIFFAS suffered physical, emotional, mental and psychological injuries is entitled to $500,000 and plaintiff LISA THOMPSON suffered emotional, mental and psychological injuries and out of pocket expenses and is entitled to $250, 000.

WHEREFORE, plaintiffs respectfully pray for compensatory and punitive damages in the amount of $500,000 for plaintiff DERRICK RIFFAS and $250,000 for plaintiff LISA THOMPSON.

Dated August 9, 2006

*[signature]*
DERRICK RIFFAS
PRO SE PLANTIFF
98 Bristol Street
Brooklyn, New York 11212

*[signature]*
LISA THOMPSON
PRO SE PLAINTIFF
98 Bristol Street
Brooklyn, New York 11212
(718) 674-4238

## NOTICE OF CLAIM

In the Matter of the Claim of DERRICK RIFFAS, an infant by his mother and natural guardian LISA THOMPSON, and LISA THOMPSON, individually,

-against-

NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE CITY OF NEW YORK, CORRECTIONS OFFICER JOHN CAREY and JOHN CAREY individually.

TO:   COMPTROLLER OF THE CITY OF NEW YORK
      1 Centre Street
      New York, NY 10007

      NEW YORK CITY LAW DEPARTMENT
      100 Church Street
      New York, NY 10007

      NEW YORK CITY DEPARTMENT OF CORRECTIONS
      60 Hudson Street, 6th Floor
      New York, NY 10013

PLEASE TAKE NOTICE that the undersigned claimant hereby makes claim and demand against New York City Department of Corrections, the City of New York and Officer John Carey, as follows:

1. DERRICK REEFAS, an infant, by his mother and natural guardian LISA THOMPSON, Claimant, residing at 98 Bristol Street, #2, Brooklyn, NY 11212, asserts that:

2. **The nature of the claim is ASSAULT, FALSE ARREST, FALSE IMPRISONMENT, NEGLIGENT HIRING AND MALICIOUS PROSECUTION:** On or about August 11, 2003 at approximately 10:50 PM at the B12 bus stop located on East New York Avenue between Thomas Boyland Street and Amboy Street, County of Kings, City and State of New York, New York City Department of Corrections and the City of New York, their agents, servants and employees (including but not limited to Officer John Carey, an officer with the New York City Department of Corrections), attempted to menace and brutally strike and injure claimant about the neck, hands and body without just right and without probable cause and without grounds therefor. New York City Department of Corrections, The City of New York, their agents, servants and employees had the intent to menace and brutally

handcuff, beat, strike and injure claimant, claimant was conscious during the incident, did not consent to the assault, assault and battery, false arrest, false imprisonment and malicious prosecution and these causes of action were not otherwise justified or privileged. In addition, New York City Department of Corrections, the City of New York, their agents, servants and employees, intentionally inflicted a confinement upon claimant. New York City Department of Corrections, the City of New York, their agents, servants and employees were not justified in confining claimant and intentionally did so for a substantial amount of time whereby claimant was imprisoned without the ability to leave his confinement. Furthermore, New York City Department of Corrections, the City of New York, their agents, servants and employees intentionally subjected claimant to unwarranted judicial proceedings. New York City Department of Corrections, the City of New York, their agents, servants and employees, instituted criminal proceedings against claimant without probable cause to institute the proceedings; and New York City Department of Corrections and the City of New York, their agents, servants and employees were motivated primarily by some purpose other than bringing claimant to justice.

3. The time when, the place where and the manner in which the claim arose: on or about the 11th day of August, 2003, at the B12 bus stop located on East New York Avenue between Thomas Boyland Street and Amboy Street, in the Borough of Brooklyn, County of Kings, City and State of New York, and at subsequent times thereafter, New York City Department of Corrections and the City of New York, their agents, servants and employees, acting in the performance of their employment and within the scope of their authority, committed the following: and intentional assault, assault and battery, false arrest, false imprisonment, malicious prosecution, negligence, gross negligence, excessive force, causing mental injury and bodily injury to his head, hands and body, a violation of constitutional rights pursuant to 42 U.S.C.A. * 1983, and violations of rights and privileges under the United States Constitution and the Constitution of the State of New York.

4. The items of damage or injuries claimed are: Claimant sustained serious injuries to his head, hands, neck, back, body and limbs, conscious pain and suffering and other injuries both physical and mental, and emotional suffering, and violation of his rights under the United States Constitution and the New York State Constitution, sustaining damages in the sum of $10,000,000.00.

```
Assault.............................................$1,000,000.00
Assault and Battery.................................$1,000,000.00
False Arrest........................................$1,000,000.00
False Imprisonment..................................$1,000,000.00
Malicious Prosecution...............................$1,000,000.00
Violation of Civil Rights...........................$1,000,000.00
Negligence..........................................$1,000,000.00
Gross Negligence....................................$1,000,000.00
Infliction of Mental Distress.......................$1,000,000.00
Punitive Damages....................................$1,000,000.00
```

**ASSAULT:** On the 11th day of August, 2003, at approximately 10:50 PM of that day, at the aforesaid place, New York City Department of Corrections, the City of New York, their agents, servants and employees permitted an intentional assault upon the person of claimant, causing him immediate apprehension and fear of harmful and deadly contact.

**ASSAULT AND BATTERY:** On the 11th day of August, 2003, at or about 10:50 PM of that day, at the aforesaid place, New York City Department of Corrections, the City of New York, their agents, servants and employees permitted an intentional assault and battery upon the person of claimant, causing him to sustain severe, serious, and upon information and belief, permanent injuries.

**FALSE ARREST:** On the 11th day of August, 2003, beginning at 10:50 PM of that day, at the aforesaid place, New York City Department of Corrections, the City of New York, their agents, servants and employees permitted an intentional infliction of an arrest on claimant. Such arrest left claimant with no means of escape and occurred for a substantial amount of time resulting in great mental suffering, humiliation, loss of time and inconvenience. Claimant asserts that such false arrest was done with actual malice and as such, claimant seeks, inter alia, punitive damages.

**FALSE IMPRISONMENT:** On the 11th day of August, 2003, beginning at 10:50 PM of that day, at the aforesaid place, New York City Department of Corrections, the City of New York, their agents, servants and employees permitted an intentional infliction of a confinement on claimant. Such confinement left claimant with no means of escape and occurred for a substantial amount of time resulting in great mental suffering, humiliation, loss of time and inconvenience. Claimant asserts that such false imprisonment was done with actual malice and as such, claimant seeks, inter alia,

punitive damages.

**MALICIOUS PROSECUTION:** On the 11th day of August, 2003, and continuing thereafter, New York City Department of Corrections, the City of New York, their agents, servants and employees, instituted criminal proceedings against claimant. New York City Department of Corrections, the City of New York, their agents, servants and employees had no probable cause to institute the proceedings and such proceeding was brought primarily by some purpose other than bringing claimant to justice. Claimant incurred harm to his reputation, emotional distress, etc.

**VIOLATION OF CIVIL RIGHTS** pursuant to 452 U.S.C.A. 6 1983, due to wanton, willful, malicious and reckless acts of the City of New York its agents, servants and employees as herein described.

**NEGLIGENCE** of New York City Department of Corrections and the City of New York in the hiring and permitting their agents, servants and employees, as police officers, who could not perform their duties in a proper manner, to continue to perform their duties as police officer; and the negligence of the said agents, servants and employees in negligently and recklessly performing their said duties.

**GROSS NEGLIGENCE** of New York City Department of Corrections and the City of New York in permitting their agents, servants and employees, as police officers, to engage in a course of conduct that was willful, wanton, or reckless misconduct in using excessive force, as well as beating claimant severely and placing claimant in harms way so that he sustained severe, serious, and upon information and belief, permanent injuries.

**INFLICTION OF MENTAL DISTRESS** of New York City Department of Corrections and the City of New York in permitting their agents, servants and employees, as corrections officers, to engage in an intentional or reckless infliction, by extreme and outrageous conduct, of severe emotional or mental distress upon claimant.

**PUNITIVE DAMAGES** due to the wanton, willful and reckless acts of respondents aforedescribed.

Yours,

*Lisa Thompson*

LISA THOMPSON,
The Mother and Natural
Guardian of DERRICK
RIFFAS, an infant
98 Bristol Street, #2
Brooklyn, NY 11212

STATE OF NEW YORK )
                             ) SS.:
COUNTY OF KINGS   )

       I, LISA THOMPSON, being duly sworn, depose and say:

1. I am the mother and natural guardian of DERRICK RIFFAS, an infant, the claimant in the above notice of claim.

2. I am familiar with all the allegations in the above referenced notice of claim.

                                      _____
                                          LISA THOMPSON

Subscribed and sworn to before me
this 13 day of October, 2003.

_____
Notary Public

DESIREE ANNE SIENA
Commissioner of D...s
City of New York - No. 2...0928
Certificate Filed in Kings County
Commission Expires June 1, 2004